# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JAMIE ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:08-CV-294 |
| | ) |
| KHATRA PETRO, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Defendant Khatra Petro operates a Citgo gas station in Highland, Indiana and is accused of violating federal law when it issued credit card receipts containing customers' complete sixteen-digit credit card number, instead of only the last five digits as required by law. Jamie Rogers is one of those customers, and he has brought this action under the federal law in question, the Fair and Accurate Credit Transactions Act (FACTA), 15 U.S.C. § 1681c(g). Rogers seeks to have this case certified as a class action with himself as the class representative. [DE 46.] Because Rogers has demonstrated that the putative class meets the requirements of Federal Rule of Civil Procedure 23, the Motion for Class Certification is **GRANTED**.

## BACKGROUND

Rogers alleges that on August 8, 2008, he made a purchase using a VISA card at a Citgo gas station store in Highland. [DE 37 at ¶15.] After the purchase, Rogers received a receipt for the transaction on which his entire VISA card number was printed. [*Id*.] Rogers contends that this receipt violates 15 U.S.C. § 1681c(g), which provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the

card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." [*Id.* at ¶ 1, 8.]

Rogers seeks certification of a class comprised of all persons to whom Khatra Petro, Inc. d/b/a Highland Citgo provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after March 20, 2008, which receipt displayed more than the last five digits of the person's credit or debit card number. [DE 46 at 2.] Rogers offers himself as the class representative, and his suitability for that role is the primary bone of contention between the parties. Defendant doesn't believe that Rogers is an adequate class representative. I disagree.

## **DISCUSSION**

Motions for class certification must meet the requirements set under Rule 23 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 23. Rule 23 establishes two hurdles for class certification. First, the action must satisfy all four elements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Second, the proposed class must satisfy at least one of the three provisions under Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Plaintiff seeks certification under Rule 23(b)(3), which requires him to demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The party seeking class certification bears the burden of demonstrating that the requirements of Rule 23 are satisfied. *See Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993) (citation omitted). Failure on the part of the movant to satisfy any

one of the requirements of Rule 23(a) or (b) precludes class certification. *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 480 (7th Cir. 1980). The Court has broad discretion in ruling on a motion for class certification. *Retired Chicago Police Ass'n*, 7 F.3d at 596.

For purposes of a motion to certify a class, the court does not reach the merits of the complaint. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.") (citation omitted). However, the Seventh Circuit has instructed district courts to make "whatever factual and legal inquiries are necessary under Rule 23." *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001).

### A. Rule 23(a) Requirements Are Met

I will start with the last requirement of Rule 23(a) – the adequacy of representation – because that is the only one that is seriously contested by the Defendant. Under Rule 23(a)(4), the adequacy of representation requirement mandates that both the class representative and counsel for the named plaintiff vigorously represent and advocate on behalf of the class as a whole. *See Retired Chicago Police Ass'n*, 7 F.3d at 598. To satisfy Rule 23(a)(4), a plaintiff must demonstrate that "'(1) the representative does not have conflicting or antagonistic interests compared with the class as a whole; (2) the representative is sufficiently interested in the case outcome to ensure vigorous advocacy; and (3) class counsel is experienced, competent, qualified and able to conduct the litigation vigorously.'" *Matthews v. United Retail, Inc.,* 248 F.R.D. 210, 215 (N.D. Ill. 2008) (quoting *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 395 (N.D. Ill. 2006)).

The requirements for adequacy of the class representative are readily met here. To begin with, Defendant does not argue that the class counsel is unqualified to represent the plaintiff class in this action. In fact, the class counsel in this case are experienced in handling class action lawsuits, including those involving FACTA violations. [*See* DE 82 at 6-7.] I find that the class counsel is sufficiently experienced, competent, qualified, and able to conduct the litigation vigorously.

Defendant flatly states that Rogers "simply will not guard against potential conflicts of interest between class counsel and absent class members." [DE 81 at 8-9.] But there is no proof supporting this assertion. The bottom line is that all members in this class were issued receipts by Defendant that allegedly did not comply with FACTA, and Rogers' interests would appear to be identical to the interests of those other customers. I find no evidence that Rogers' claims conflict with or are antagonistic to the claims of the proposed class members.

The real question is whether Mr. Rogers has shown that he is sufficiently interested in the case to ensure a vigorous advocacy. To meet the "vigorous advocacy" requirement the Seventh Circuit requires that the "named plaintiff ... have *some* commitment to the case." *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir.1991) (emphasis in original). The burden of showing sufficient interest is fairly modest: "[a]n understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery are sufficient to meet this standard." *Cavin*, 236 F.R.D. at 394 (quoting *Weiner v. Quaker Oats Co.*, 98 CV 3123, 1999 WL 1011381, at *8 (N.D. Ill. Sept. 30, 1999)). Meeting this standard is "not difficult." *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007); *Murray v. New Cingular Wireless Svc., Inc.*, 232 F.R.D. 295, 300 (N.D. Ill. 2005). Indeed, the Seventh

Circuit has noted that the Supreme Court was satisfied by a "named plaintiff [who] did not understand her complaint at all, could not explain the statements in it, had little knowledge of what the lawsuit was about, did not know the defendants by name, nor even the nature of the misconduct of the defendants." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 896 (7th Cir. 1981) (discussing *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 366 (1966)).

Rogers has easily met this relatively low threshold. Rogers' deposition transcript reveals that he understands the essential facts and elements of the FACTA cause of action, comprehends his role as the class representative, and has shown a willingness to participate in the case through his contact with the class attorneys and the fact that he already been deposed. [*See* DE 82 at 4 and Ex. 3 attached thereto]. In Rogers' words, he is the "face of the case." [DE 81 at 4.] This strikes me as a fairly apt way for a lay person to describe the role of a class representative.

Defendant insists that Rogers, as the class representative, will not make "vigorous efforts to protect the class because he simply does not understand that he cannot just cede all control over settlement decisions to class counsel." [DE 81 at 4.] This is a real stretch. If not Rogers, then who? The underlying transaction was a routine credit transaction that allegedly went awry. It's a little difficult to conceive of an individual who would be so outraged by the episode that they would make more of a "vigorous effort" to right this alleged wrong than Rogers would. That's the whole point of the class action device. No individual has much incentive to bring the case. It is for this reason that the Seventh Circuit has recognized that – as a matter of legal realism – "[r]ealistically, functionally, practically, [class counsel] is the class representative, not [the named-plaintiff]. Experience teaches that it is counsel for the class representative and not

the named parties, who direct and manage these actions." *Culver v. City of Milwaukee*, 277 F.3d 908, 913 (7th Cir. 2002).

Of course, "if the class representative requirement is to have any meaning at all" – which it must – then "a class representative may not completely cede all control over settlement to class counsel." *In re Ocean Bank,* No. 06 C 3515, 2007 WL 1063042, at *6 (N.D. Ill. Apr. 9, 2007). But Rogers has done no such thing. Indeed, Defendant's comparisons of this case to *In re Ocean Bank* make the point. The court in that case held that one of the class representatives *had* ceded complete control over settlement to the class counsel via a provision in the retainer agreement between the class representative and class counsel requiring the class representative "to follow the recommendation of my attorney in connection with whether this case should be settled and the terms of such settlement." *Id*. The court held that this *contractual* provision improperly impinged on the class representative's independence and ability to protect the interests of the class, rendering her an inadequate class representative. *Id*.

In this case, however, there is no indication that Rogers has contractually ceded away control over all settlement decisions to his counsel. Moreover, the court in *In re Ocean Bank* went on to hold that the class representative would be able to meet her obligations so long as a "simple amendment" was made to the retainer agreement. *Id*. Likewise, to the extent that Rogers is at all confused as to the extent of his role in settlement negotiations, any such confusion is easily remedied by advice and instruction from his well-qualified counsel. In fact, the court in *In re Ocean Bank* did exactly that with respect to another of the class representatives who was deemed adequate but who may have been confused as to his role in settlement negotiations. *See id.* at *9 n.2 ("The Court instructs counsel for Plaintiff Bernal to inform him of

his duties with regard to settlement of his lawsuit.").

Perhaps there are better people than Rogers to represent the class – although I tend to doubt it. But that is not the question, in any event. Rogers has a sufficient stake in the outcome of the litigation to ensure that he will be a vigorous advocate on behalf of the class, and that is all that is required.

The other Rule 23(a) requirements are more easily disposed of. First, Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Courts generally have found this element satisfied when the putative class consists of more than 40 members. *See Ingram v. Corporate Receivables, Inc.*, No. 02 C 6608, 2003 WL 21982152, at *2 (N.D. Ill. Aug. 19, 2003) (citing *Swanson v. American Consumer Indus.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969)); *see also, e.g., Markham v. White*, 171 F.R.D. 217, 221 (N.D. Ill. 1997) (35-40 class members). The exact number of class members need not be known. *Ingram*, 2003 WL 21982152, at *2. Instead, plaintiffs can "offer good faith estimates of class size . . . and the Court may use 'common sense assumptions' to determine the validity of those estimates." *Id*. (citations omitted).

While Rogers is unable to precisely quantify the estimated number of class members, he argues that common sense dictates that a busy gas station must have provided at least hundreds, if not thousands, of credit and debit card receipts since March 20, 2008. This is plainly correct. Joinder of this many plaintiffs is obviously impracticable. Indeed, the class in this case is likely to number in the thousands. So the numerosity requirement is easily met here, and Defendant concedes as much. [DE 81 at 10.]

Under Rule 23(a)(2), "questions of law or fact common to the class" must be present

before a class may be certified. The existence of a "common nucleus of operative facts" is generally enough to establish commonality under Rule 23(a)(2). *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). A common nucleus of operative fact is usually found where the defendant has engaged in some standardized conduct toward the proposed class members. *Lifanda v. Elmhurst Dodge*, No. 99 C 5830, 2001 WL 755189, at *2 (N.D. Ill. 2001). Courts in the Seventh Circuit have routinely found that FACTA cases meet the commonality requirement. *See, e.g., Matthews,* 248 F.R.D. at 215 (finding commonality requirement met where "common nucleus of operative fact is the defendant's issuance of receipts that display the expiration date or more than five digits of a person's credit card in violation of Section 1681c(g)(1).").

Here Rogers has satisfied the requirements of Rule 23(a)(2). Defendant's practice of issuing receipts to customers with more than the last five digits of their credit or debit card is the "common nucleus of operative facts" in this case. Moreover, the case presents a single question of law across the entire class: Do the receipts printed by Defendant violate 15 U.S.C. § 1681c(g)? Because the claims arise from Defendant's standardized conduct, the commonality requirement has been met. The Defendant essentially concedes this point as well. [DE 81 at 10.]

Under Rule 23(a)(3), the claims or defenses of the class representative must be typical of those of the class as a whole. The claim of a named plaintiff is typical of the class if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (quoting H. Newberg, *Class Actions* § 1115(b) at 185 (1977)). The typicality requirement is closely related to the commonality requirement under Rule 23(a)(2). *Rosario*, 963 F.2d at 1018.

In this case, Defendant conducted the same course of conduct with respect to each absent class member as it did with Rogers – namely, issuing receipts to Rogers and other customers with more than the last five digits of their credit or debit card. *See Matthews,* 248 F.R.D. at 215 (finding that the printing of non-compliant receipts met the typicality requirement). As discussed above, Rogers' claims are also based on the same legal theory as the claims of the other class members. Accordingly, as the Defendant concedes [DE 81 at 11], the typicality requirement has been met.

**B.     Requirements of Rule 23(b)(3) Are Met**

In addition to meeting class certification requirements under Rule 23(a), Plaintiff's proposed class must satisfy the requirements of one of the three subsections of Rule 23(b). Here, Rogers proposes that certification is appropriate under Rule 23(b)(3). Certification under Rule 23(b)(3) is appropriate if (1) questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3); *Szabo* 249 F.3d at 676.

Under the predominance requirement of Rule 23(b)(3), common questions of law or fact must predominate, but they need not be exclusive. *See Scholes v. Moore*, 150 F.R.D. 133, 138 (N.D. Ill. 1993) (citation omitted). In determining whether common questions predominate, the Court looks to whether there is a "common nucleus of operative facts." *Ziemack v. Centel Corp.*, 163 F.R.D. 530, 535-36 (N.D. Ill. 1995) (citation omitted).

There is a "common nucleus of operative facts" in this case: Defendant's alleged practice of issuing receipts to customers with more than the last five digits of their credit or debit

9

card. Moreover, as also noted earlier, one common legal issue predominates in this case – whether the receipts printed by Defendant violate 15 U.S.C. § 1681c(g). The issues of law and fact that flow from Defendant's alleged practice of printing non-compliant receipts predominate over any individual issue. Because the common issues of fact and law are likely to dominate this Court's attention, common questions of law and fact predominate. *See Tatz v. Nanophase Techs. Corp.*, No. 01 C 8440, 2003 WL 21372471, at *9 (N.D. Ill. June 13, 2003). Defendant doesn't contend otherwise. [DE 81 at 12.]

Under Rule 23(b)(3), a class action must also be superior to other available methods for the fair and efficient adjudication of the controversy. *Szabo*, 249 F.3d at 676. The Court finds that a class action in this case is superior to other means of adjudication for two reasons. First, as discussed previously, this dispute contains a set of legal and factual issues that are shared by the members of the class, and class certification is more efficient than multiple individual suits at dealing with these common questions. *See Tatz*, 2003 WL 21372471, at *9. Denial of the motion for class certification would potentially result in courts becoming consumed with many individual cases that seek to litigate an essential core of the same legal and factual issues.

Second, a class action is superior to individual actions in this case because litigation costs are high and the likely recovery is limited. Consumers who were issued non-compliant receipts are unlikely to prosecute individual claims without the availability of cost-sharing efficiencies of a class action. *See id.* at *10 (citing *Haynes v. Logan Furniture Mart. Inc.*, 503 F.2d 1161, 1164-65 (7th Cir. 1974)). What's more, many of the persons in this class may be unaware that the receipts issued by Defendant may violate federal law, and a class action suit may help to safeguard their rights. The Defendant concurs. [DE 81 at 15.] Accordingly, I find that a class

action is a superior method of litigating this case.

## CONCLUSION

Because the Court finds that the proposed class meets the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), Plaintiff's Motion for Class Certification [DE 46] is hereby **GRANTED**.

The class is defined as follows:

All persons to whom Khatra Petro, Inc. d/b/a Highland Citgo provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after March 20, 2008, which receipt displayed more than the last five digits of the person's credit or debit card number.

**SO ORDERED.**

ENTERED: September 29, 2010

s/ Philip P. Simon  
Philip P. Simon, Chief Judge  
United States District Court