```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


JAMIE ROGERS, Individually and   )
on behalf of all other similarly )
situated,                        )
                                 )
            Plaintiff            )
                                 )
       v.                        )    Case No. 2:08 cv 294
                                 )
KHATRA PETRO, INC. d/b/a         )
HIGHLAND CITGO, an Indiana       )
Corporation,                     )
                                 )
            Defendant            )
******************************** )
KHATRA PETRO, INC., d/b/a        )
HIGHLAND CITGO, an Indiana       )
Corporation,                     )
                                 )
       Third-Party Plaintiff     )
                                 )
       v.                        )
                                 )
PETER TZANETAKOS, HIGHLAND       )
UNOCAL 76, INC., and FAMILY      )
EXPRESS CORPORATION,             )
                                 )
       Third-Party Defendants    )
```

                          OPINION AND ORDER

    This matter is before the court on the Motion to Approve Class Notice [DE 98] filed by the plaintiff, Jamie Rogers, on November 11, 2010. For the reasons set forth below, the motion is GRANTED.

    The plaintiff, Jamie Rogers, requests the court to approve the proposed class notice. Rogers proposes notice in the form of

publishing notice in the newspaper, publishing notice on Khatra's website, and posting a summary notice at Khatra's gas pumps and in its store. The defendant, Khatra Petro, Inc., argues that this type of notice does not satisfy Federal Rule of Civil Procedure 23(c), which demands individual notice.

Rule 23(c)(2) provides that each class member is entitled to "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." What comprises the best notice possible depends on various elements, including the size of the class, whether the class members can be easily identified, and the probability notice will reach the intended audience. See e.g. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 166-67, 94 S.Ct. 2140, 2147, 40 L.Ed. 732 (1974) (considering the size, ease of identifying the class, and probability of receiving notice). Where lists of class members and their addresses are readily ascertainable, the court generally demands individual notice. Eisen, 417 U.S. at 173, 94 S.Ct. at 2150. This burden is eased where the class members cannot be identified by name and address without an unreasonable amount of effort. See Shurland v. Bacci Café & Pizzeria on Ogden, Inc., 2010 U.S. Dist. LEXIS 116718, *13-19 (N.D. Ill. Nov. 2, 2010); In re Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088, 1097-98 (5th Cir. 1997). In

such cases, notice by publication has been found to satisfy the demands of Rule 23(c)(2). Shurland, 2010 U.S. Dist. LEXIS 116718 at *13-19. The courts have not been clear on defining what constitutes a reasonable effort to identify class members. However, in Eisen, the Supreme Court held that the plaintiff had to provide individual notice where 2,250,000 individual's names and addresses could be gathered by comparing various lists. Eisen, 417 U.S. at 177, 94 S.Ct. at 2152. The cost of ascertaining the names and addresses of the individuals has not been a factor in the Supreme Court's analysis. Eisen, 417 U.S. at 167, n.5; 94 S.Ct. at 2147, n.5.

In order for Rogers to obtain the name and address of each prospective class member, Rogers would be required to review each credit or debit card transaction receipt to ascertain the first six digits of the class member's card number (PAN), match the PAN to a list of PANs for financial institutions nationwide, issue subpoenas to each financial institution, file a motion to compel in the jurisdiction of each financial institution to obtain the customer information, and then issue notice. These steps far exceed comparing two lists or ascertaining readily available information with the customers' names and addresses. It would be unreasonable to order the plaintiff to file motions in the courts of every jurisdiction to obtain the consumer's name and address,

3

and the defendant has offered no other process by which Rogers could obtain the necessary information.  For this reason, Rogers is not required to provide personal notice to every potential class member.

Although Rogers is not required to provide personal notice to every member, Rogers still must provide sufficient notice under the circumstances.  In cases where the names are not readily ascertainable, publication of the notice alone generally is sufficient.  Rogers not only proposes to provide notice by publication, but also states that notice will be posted on Khatra's website and a summary notice will be posted on the gasoline pumps and inside the store.  Khatra criticizes the summary notice Rogers proposes to post on the gasoline pumps. However, under the circumstances, summary notice is appropriate. The publication and website posting alone are likely sufficient to satisfy Rule 23.  Therefore, the summary notice posted on the pumps is supplemental and provides sufficient information for potential class members to identify themselves and who to contact.

———————

For these reasons, the Motion to Approve Class Notice [DE 98] filed by the plaintiff, Jamie Rogers, on November 11, 2010, is GRANTED.

ENTERED this 14th day of February, 2011

                              s/ Andrew P. Rodovich
                                United States Magistrate Judge